UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| LINDA CARTER | * | NO. 3:15-cv-1890 |
| | * | |
| VERSUS | * | JUDGE JAMES |
| | * | |
| COCA-COLA REFRESHMENTS USA, | * | MAGISTRATE JUDGE HAYES |
| INC. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT FILED BY COCA-COLA REFRESHMENTS USA, INC.

MAY IT PLEASE THE COURT:

Defendant, Coca-Cola Refreshments USA, Inc., contends that the Plaintiff should be denied recovery for future medical costs associated with the injury of 19 May 2014.  Plaintiff respectfully disagrees with that contention and hereby provides support for her disagreement.

Following the initial work-related injury, Linda Carter chose to be treated by Dr. Bernie McHugh, a board certified neurosurgeon in the Monroe area.  She had previously been treated by an orthopaedist, Dr. John H. Fairbanks, but since her complaints were more in the field of neurosurgery, she transferred her care for the workmen's compensation injury to Dr. McHugh.  Her employer, Wal-Mart, has authorized and paid for all of Dr. McHugh's medical care, except for the most recently performed discogram and post-discogram MRI.[1]

---

[1]    Because of the delay in the employer's consideration of the discogram recommendation, and then refusal to authorize, the plaintiff incurred the cost of the procedure on her own.  That delay, however, resulted in the responses to

When Wal-Mart delayed the approval process from the 29 March 2016 recommendation of Dr. McHugh, and then denied the medical request, it took Plaintiff another month to get approval for private pay of the recommended procedures.  Those recommended tests have now been performed, and just as Dr. McHugh suspected in his 29 March 2016 report, the results were positive and confirmatory of the need for cervical fusion.[2]

Therefore, it is important to look at the time line of events to glean the importance of the testing and the results:

19 May 2014. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Date of Injury At Wal-Mart

24 July 2014 – 3 June 2015. . . . . . . . . . . . . . . . . . . . . . . . .  Treatment by Dr. Fairbanks

22 April 2015 – Present. . . . . . . . . . . . . . . . . . . . . . . . . . . .  Treatment by Dr. McHugh

In the initial 22 April 2015 visit with Dr. McHugh, the office note reflects the following history:

*Ms. Carter is seen as a consult for Workmen's Comp.*
*                    *                    *
*The patient is a 57-year old, right-handed, black female who had a work-related injury on 05-19-14.*

Dr. McHugh has treated Ms. Carter continuously since April, 2015, and his reports have been provided to her employer, Wal-Mart, all along.  The Defendant, Coca-Cola Refreshments, Inc., has

_____

requests for admissions referenced later in the Memorandum concerning the need for future medical care.

[2]  A copy of Dr. McHugh's entire medical chart is attached as Ex. "**A**" to this Memorandum in Opposition.

not only been provided with all such records, but has also independently requested the records by means of a HIPAA-compliant medical authorization provided by the Plaintiff.

In the most recent testing recommended by Dr. McHugh, he wanted to have a cervical discogram performed to confirm his medical belief that surgery would be necessary. As he stated in his report of 29 December 2015,

> *We had an attorney conference back in November, and I discussed the request of cervical discography as well as the possibility of anterior cervical discectomy and fusion. We will request for cervical discography to be performed by Dr. Forte as well as more recent MRI scan of her cervical spine and have her follow up in the office as soon as that is complete.*

Dr. McHugh made that same recommendation to Wal-Mart on 29 March 2016, and when they finally decided against approval, the Plaintiff incurred the cost of the recommended procedures. The tests were performed on 21 April 2016, *see*, Arklamiss Surgery Center, LLC report of 21 April 2016, Ex. "**A**"; the tests were positive and supportive of Dr. McHugh's belief that surgery would be warranted.

Accordingly, on 5 May 2016, after reviewing the cervical discogram and the post-discogram MRI, Dr. McHugh issued his definitive report with his recommendations for C4/C5, C5/C6, and C6/C7 anterior cervical discectomy and fusion. Ex. "**A**". Of course, that report also states that the recommended medical care is because of "*complaints of cervical and low back pain secondary to an on-the-job injury on 05-19-14.*"

Yet, despite all this medical documentation and reporting by Dr. McHugh, the Defendant

contends that he has no basis to express an opinion about the need for future medical care, or the relatedness of such care to the on the job injury in question.

### *Role of Treating Physicians*

A treating physician is not the typical expert under Rule 26.  In fact, Rule 26 sets out two different categories of experts – one retained specifically for litigation, and one such as treating physicians who bear no less expertise, but who are treated very differently from a Rule 26 report aspect.

(2)      Disclosure of Expert Testimony.

(A)      In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under *Federal Rule of Evidence 702*, *703*, or *705.*

(B)      **Witnesses Who Must Provide a Written Report**. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--***if the witness is one retained or specially employed to provide expert testimony in the case*** or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

      (I)      a complete statement of all opinions the witness will express and the basis and reasons for them;

      (ii)      the facts or data considered by the witness in forming them;

      (iii)      any exhibits that will be used to summarize or support them;

      (iv)      the witness's qualifications, including a list of all publications authored in the previous 10 years;

      (v)      a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

      (vi)      a statement of the compensation to be paid for the study and testimony in the case.

(C)      **Witnesses Who Do Not Provide a Written Report**.  Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

      (I)     the subject matter on which the witness is expected to present evidence under *Federal Rule of Evidence 702*, *703*, or *705*; and

      (ii)    a summary of the facts and opinions to which the witness is expected to testify.

(D)    Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

      (I)     at least 90 days before the date set for trial or for the case to be ready for trial; or

      (ii)    if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

(E)    Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

Thus, since Dr. McHugh is not a witness who must provide an expert report, all that is required is a disclosure under sub-part (C). That disclosure has been made in the form of his written reports concerning the need for surgery as a result of this work-related injury and the nature of the surgery. The Defendant has been in possession of this information from the day it was first received by the Plaintiff and, in fact, was made aware of this information in the form of responses to requests for admissions:

    <u>REQUEST FOR ADMISSION NO. 1</u>: Admit that no physician has recommended that you undergo any future medical treatment as a result of the injuries made the subject of your lawsuit.

    **RESPONSE:** Based upon conversations between Plaintiff and her treating physician, Dr. Bernie McHugh, it is Plaintiff's understanding that more likely than not she will be required to undergo surgery as a result of the injuries sustained in this action. He has also recommended that she undergo diagnostic testing in the nature of a discography in order to help assess the nature and extent of the surgical procedure.

This information is fully sufficient disclosure of the material facts concerning need for

additional medical care and the fact that such medical care is related to the on the job injury of 19 May 2014.  The Plaintiff need not produce an affidavit of Dr. McHugh [as alleged by Coco-Cola in its Motion at p. 2], or a deposition of Dr. McHugh [as alleged at p. 3].  Rule 26 simply requires a disclosure and that information has been provided in terms of the designation of Dr. McHugh as a potential expert witness, his reports of his medical conclusions, and discovery responses concerning need for future medical care.

### *Jurisprudence*

Support for the Plaintiff's position can also be found in recent Louisiana decisions on point. For instance, in *Williams v. Louisiana*, C.A. No. 14-00154-BAJ-RLB (M.D. LA 09/14/2015), 2015 U.S. Dist. Lexis 122407, the court denied a *Daubert* challenge to a treating physician:

> The testimony of treating physician experts under the lower standard of Rule 26(a)(2)(C) "is based on the physicians [sic] personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources." *Mangla, 168 F.R.D. at 139*. Rule 26(a)(2)(C) witnesses "may testify beyond their personal knowledge, . . . [but their opinions] must be based on facts or data obtained or observed in the course of the sequence of events giving rise to the litigation," "rather than from subsequent evaluation as a specially retained expert."

*Id.* at p. 6.

The rationale of *Williams* is also expressed in *Boudreaux v. J.P. Morgan Chase & Co.*, C.A. No. 07-555 (E.D.LA 11/21/2007), 2007 U.S. Dist. 86686:

> Courts have held that the requirement of expert reports is a Congressional attempt to balance "the fulsome and efficient disclosure of expert opinions" with a concern that reports should not be required in all situations. The rule makers "seemed concerned . . . about the resources that might be diverted from patient care if treating physicians

were required to issue expert reports as a precondition to testifying." *Watson v. United States, 485 F.3d 1100, 1107 (10th Cir. 2007)*. The purpose of the requirement to exchange expert reports is to eliminate unfair surprise to the opposing party and to conserve resources.

*Id.* at p. 6.

## CONCLUSION

There is no factual or legal support for the notion that a treating physician should be required to issue a special expert report under Rule 26, or that his opinions concerning the need for future medical care curtailed because they are not detailed in an affidavit form.  Rule 26 is a practical compromise intended for safe and efficient medical care of injured persons; treating physicians like Dr. Bernie McHugh need not issue special Rule 26 reports concerning their opinions.  In any event, Dr. McHugh did issue multiple medical reports in which he outlined his belief that the medical care he was providing and recommending were related to the injury in question.

For the foregoing reasons, the Motion for Partial Summary Judgment should be denied.

Respectfully submitted,

MICHAEL J. MESTAYER, A PLC
1100 Poydras Street
Suite 2785
New Orleans, LA 70163
Telephone:  504-522-7360
Facsimile: 504-522-7356

*s/Michael J. Mestayer*
MICHAEL J. MESTAYER
LA Bar No. 09461
E-Mail: mmestayer@mestayerlegal.com

-7-

- and -

McKEITHEN, RYLAND & CHAMPAGNE
301 Wall Street
P. O. Box 1029
Columbia, LA 71418
Telephone: 318-649-2626
Facsimile: 318-649-0212

*s/Louis V. Champagne*
LOUIS V. CHAMPAGNE
LA Bar No. 22300
E-Mail: LChamp050@aol.com

Attorneys for Plaintiff, LINDA CARTER

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of May, 2016, a true and exact copy of the foregoing Memorandum in Opposition to Motion for Partial Summary Judgment was forwarded to counsel of record in this proceeding via electronic transmission.

*s/Michael J. Mestayer*
MICHAEL J. MESTAYER

-8-