UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LINDA CARTER | CIVIL ACTION NO. 15-1890 |
| VERSUS | JUDGE ROBERT G. JAMES |
| COCA-COLA REFRESHMENTS USA, INC. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Partial Summary Judgment [Doc. No. 28] filed by Defendant Coca-Cola Refreshments USA, Inc. ("CCR"). Plaintiff Linda Carter ("Carter") opposes the motion.

I. FACTS

On May 19, 2014, Carter was employed by Wal-Mart Stores, Inc. ("Wal-Mart") and worked at its store in Winnsboro, Louisiana. On that date, she alleges that she suffered injuries when she was struck with an electric pallet jack operated by Christopher Anderson, a CCR employee.

On May 19, 2015, Carter filed a Petition in the Fifth Judicial District Court for the Parish of Franklin, State of Louisiana, asserting a claim of negligence against CCR under the doctrine of respondeat superior. In her Petition, Carter alleges that she suffered "severe injuries to her left shoulder, back and neck" as a result of this incident. [Doc. No. 1, ¶ 3]. She seeks to recover damages, including future medical expenses. [Doc. No. 1, ¶ 7].

In her deposition, Carter testified that both of her shoulders and back and neck were injured as a result of the pallet jack incident. However, she admits that she has a history of neck, back, and shoulder pain and medical treatment. Prior to the incident she was treated by an orthopedist, Dr.

John H. Fairbanks. Following the incident, Dr. Fairbanks continued to treat Carter for approximately one year, through June 2015.

However, in April 2015, Carter also began treatment with Dr. Bernie McHugh, a neurosurgeon. Dr. McHugh has treated Carter continuously since that time. Carter responded to a request for an admission that no physician has recommended future medical treatment by stating that, "[b]ased on conversations between [Carter] and her treating physician, Dr. Bernie McHugh, it is [Carter's] understanding that more likely than not she will be required to undergo surgery as a result of the injuries sustained . . . He has also recommended that she undergo diagnostic testing in the nature of a discography in order to help assess the nature and extent of the surgery procedure." [Doc. No. , Exh. C, response to Request for Admission No. 1; see also response to Request for Admission Nos. 2 &3].

In a December 29, 2015 note, Dr. McHugh stated that a cervical discography would need to be performed by another physician to explore the possibility of an anterior cervical discectomy and fusion. Although Carter made a request for the discography through her employer, the request was denied. Carter went forward with testing anyway on April 21, 2016.

On April 25, 2016, CCR filed the instant motion. CCR moves the Court to bar Carter from claiming future medical expenses because she has failed to provide evidence that, to a reasonable medical probability, she will require future medical treatment for her cervical condition, including surgery, and any such future medical treatment is causally connected to the pallet jack incident.

On May 10, 2016, Carter filed an opposition memorandum [Doc. No. 33] to which she attached her medical records from Dr. McHugh's office. She included her May 5, 2016 progress note, ostensibly signed by Dr. McHugh and Paula Wallace, his certified physician's assistant, which states as follows:

> Ms. Carter is followed in our office for cervical and lumbar spondylosis. **She has complaints of cervical and low back pain secondary to an on-the-job injury on 05-19-2014.** Ms. Carter has undergone conservative treatment including physical therapy as well as epidural steroid injections. Her chief complaint is cervical pain as well as bilateral upper extremity redicular symptoms. Ms. Carter's most recent cervical MRI from July 8, 2015 shows cervical spondylosis at multiple levels with degenerative disc disease greatest at C6/C7. Because the patient did not respond to conservative treatment, we recommended a cervical discography by Dr. Forte at Louisiana Pain Care and also a repeat cervical MRI. The patient has undergone the discography. Ms. Carter comes in today to discuss those results. She is continuing to have cervical and upper extremity symptoms. Neurologically, she is unchanged. The patient's discography was positive for concordant pain at C4/C5, C5/C6, and C6/C7. **Based on these results and the patients's symptoms, the recommendation is for a C4/C5, C5/C6, C6/C7 anterior cervical discetomy and fusion.** I explained the surgical procedure to the patient. I discussed with her the expectations of surgery as well as the risks. The risks include bleeding, scarring, infection, chronic pain, paralysis, vocal cord paralysis, stroke, and death with general anesthesia. **She states an understanding and wishes to proceed. We will submit a request to Workmans' Comp for C4/C5, C5/C6, C6/C7 ACDF.** [1] The patient will also need a repeat cervical MRI prior to surgery.

[Doc. No. 33, Exh. A (emphasis added].

On May 17, 2016, CCR filed a reply memorandum. [Doc. No. 34].

**II.    LAW AND ANALYSIS**

   **A.    Standard of Review**

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying

---

[1] The Court notes that by submitting a request to Carter's workers' compensation insurer, Dr. McHugh is presumably providing some assurance that her surgery was necessitated by the injury Carter received on the job.

3

portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).

In considering the factual positions of the parties, the Court follows the procedures set forth in Rule 56(c):

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

### B. TESTIMONY OF TREATING PHYSICIAN ON CAUSATION AND FUTURE MEDICAL TREATMENT

In a personal injury suit, the plaintiff bears the burden of proving a causal relationship between the accident and any alleged injuries. *American Motorist Insurance Co. v. American Rent-All, Inc.*, 579 So.2d 429 (La.1991); *Methvin v. Ferguson*, 35,138 (La. App. 2d Cir. 09/26/01), 796 So.2d 712; *Harper v. Garcia*, 32,142 (La. App. 2d Cir. 08/18/99), 739 So.2d 996. The plaintiff satisfies this burden by proving through medical and lay testimony that it was more probable than not that the injury was caused by the accident. *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La.02/20/95), 650 So.2d 757. Although the law recognizes a presumption that a medical condition producing disability is presumed to have resulted from an accident, this presumption applies only if, prior to the event, the injured person was in good health, but shortly after the accident the disabling condition appears and continuously manifests itself. *Housley v. Cerise*, 579 So.2d 973 (La.1991); *see also O'Riley v. City of Shreveport*, 30,107 (La.App.2d Cir.1/23/98), 706 So.2d 213. Even if the presumption applies, a plaintiff is still required to provide "medical evidence establishing a causal connection between [plaintiff's] medical condition and the accident." *Vargas v. Lee*, 317 F.3d 498, 502 n.3 (5th Cir. 2003).

In this case, Carter admits that she had a history of back, neck, and shoulder problems prior to the incident, and she had been treated for those issues previously. Thus, she is not entitled to application of the *Housley* presumption.

CCR has properly placed the issue of Carter's inability to show that she has a need for future medical treatment and that the future treatment is causally related to the pallet jack incident before the Court on its motion. The burden is on Carter to provide countervailing evidence. *Sandifer v. Wise*, 2000-0293 (La. App. 4 Cir. 2/7/01), 780 So. 2d 1099, 1103. To meet her burden, Carter

intends to offer Dr. McHugh's testimony on treatment and findings and causation. She cites the Court to her medical records from Dr. McHugh, including his May 5, 2016 progress note.

However, as CCR points out, the medical records are not competent summary judgment evidence in their present form. Medical records may be admissible as an exception to the hearsay rule under Federal Rule of Evidence 803(6), which provides in pertinent part:

> Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or by certification that complies with Rule 902(11), Rule 902(12) or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. . . . .

The May 5, 2016 progress note was provided to the Court, along with other medical records from Dr. McHugh's office and a signed certification from the purported custodian at his office. Although the records are accompanied by a certification designed to address the requirements of Rule 803(6) (and its state law counterpart) and the certification is signed and dated by the custodian, the certification is not in the form of a declaration pursuant to 28 U.S.C. § 1746[2] or an affidavit. Thus,

---

[2] In lieu of an affidavit, in federal court, 28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

the medical records are hearsay and cannot serve as competent evidence to oppose a Motion for Partial Summary Judgment.

Upon review, the Court finds that Carter's medical records from Dr. McHugh, if properly supported by a declaration or affidavit, raise a genuine issue of material fact for trial that Carter needs future medical treatment, including surgery, for her condition, and that her medical treatment by Dr. McHugh was necessitated by the pallet jack incident. Therefore, in the interest of justice and pursuant to Federal Rule of Civil Procedure 56(e)(1), the Court will give Carter "an opportunity to properly support or address" this issue.[3]

For the foregoing reasons,

IT IS ORDERED that, no later than June 22, 2016, Carter supplement her opposition memorandum and exhibits by filing a declaration or affidavit from the custodian of records for Dr. McHugh that meets the requirements of Rule 803(6). If Carter does so, thereby providing competent evidence in opposition to CCR's Motion for Partial Summary Judgment, it is the intent of the Court

---

. . .

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)".

The certification provided spells out the requirements of Rule 803(6) and is signed and dated. However, it does not contain the statement that "I declare under penalty of perjury that the foregoing is true and correct" and, therefore, cannot be considered as an unsworn declaration.

[3]Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (1) give an opportunity to properly support or address the fact. . . ." FED. R. CIV. P. 56(e)(1).

to deny the motion. If Carter fails to do so, it is the intent of the Court to grant the motion.

**MONROE, LOUISIANA,** this 15th day of June, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE